**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MURRY RONES,** | ) | **CASE NO. 5:26 CV 2121** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ALISON BREAUX,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |

On September 1, 2026, Petitioner Murry Rones filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Rones is currently out on bond, awaiting trial in Summit County on charges of failure to provide notice of change of address and failure to verify address as a convicted habitual sex offender. The Petition is very confusing. He appears to be contesting his multiple prior convictions as well as his current pending criminal proceeding. *See State v. Rones*, Nos. CR-1990-02-02, CR-1990-05-18 (Summit Cty Comm. Pl. Ct. May 1, 1990),[1] *State v. Rones*, No. CR-2023-09-3063 (Summit Cnty. Comm. Pl Ct. Aug 26, 2024)[2]; *State v. Rones*, No. CR-2024-02-0461 (Summit Cnty. Comm. Pl. Ct. Aug. 6, 2024)[3]; *State v. Rones*, No. CR-2026-02-0416 (Summit Cty Comm. Pl. Ct. Mar. 13, 2026)[4]; and *State v. Rones*, No. CR-2026-08-2252 (Summit Cty Comm. Pl. Ct. indictment filed Aug. 7, 2026)[5]. His grounds for relief are unclear. He appears to be confusing the sentence imposed upon him in 1990 for rape and sexual battery, with the registration requirements imposed upon him as a Habitual

---

[1] On May 1, 1990, Rones was convicted on rape and sexual battery. He was adjudged (pre AWA) to be a Habitual Sex Offender requiring long term reporting of residence within a county.

[2] On August 26, 2024, Petitioner entered a guilty plea in this case to failure to provide notice of change of address, a felony of the fourth degree. He was sentenced to 12 months of community control subject to the supervision and control of the Adult Probation Department.

[3] This case was heard with CR-2023-09-3063. He also entered a plea of guilty in this case to failure to provide notice of change of address, a felony of the third degree and received the same sentence he received in the other case.

[4] On March 13, 2026, Petitioner pled guilty plea to one count of obstructing official business in exchange for the dismissal of one count of aggravated robbery. He was sentenced to 90 days in jail with credit for 37 days he served awaiting trial.

[5] Petitioner was indicted on charges of failure to provide notice of change of address as a habitual sexual offender and failure to verify address as a habitual sexual offender.

Sexual Offender. He asserts that he completely served his sentence from his 1990 convicted and the State cannot continue to charge him with failing to register or failure to notify of a change in address. He asks this Court to "immediately release from any further prosecution on [his] 1990 case all and things concerning this 1990 has expired no further assaults and the return of all bond money." (Doc. No. 1 at PageID #: 15).

## I. BACKGROUND

Although Ohio has had registration requirements for sex offenders since 1963, sex-offender registration and notification (SORN) laws began in the 1990s. In 1994, 7-year-old Megan Kanka was abducted, raped, and killed by a neighbor. The New Jersey community where she lived was unaware of the neighbor's criminal past as a convicted sex offender. In response, state lawmakers passed Megan's Law, which requires sex offenders to register with local officials, who then notify the community of the sex offender's presence. The New Jersey law became a model for a federal law of the same name passed in 1996. *See* 42 U.S.C. 14071 (repealed July 27, 2006 with Adam Walsh Act). Ohio adopted its version of Megan's Law in 1996 to protect Ohioans and to provide the public with adequate notice and information about convicted sex offenders and child-victim-oriented offenders in the community. Ohio Rev. Code § 2950. These registration requirements applied to anyone who was incarcerated, or on supervised released when the law went into effect.

Ohio's SORN law has been amended several times since its original enactment in 1996, with the most substantial change occurring in 2007, when the General Assembly implemented the federal Adam Walsh Child Protection and Safety Act of 2006. ("AWA"). Under the AWA, sex offenders are assigned to one of three tiers based on the offense of conviction. The Ohio Adam Walsh Act also broadened the category of crimes that qualify as sex offenses, and changed the registration and notification process by requiring that additional information be gathered from the registrants, and by modifying the frequency and duration of registration requirements.

Pre-AWA Offenders (those who committed their offenses before Jan. 1, 2008) retain both the classification and the registration requirements which originally applied to them under Megan's Law. These classifications include: (1) a sexual predator, who is required to register for life; (2) a habitual sex offender, who has a 20 year duty to register; and (3) a sexually oriented offender who has a ten year duty to register. An offender is automatically classified as a sex offender upon being convicted of a qualifying offense, such as rape, sexual battery, gross sexual imposition, importuning or other offenses committed with sexual motivation.

Regardless of whether their reporting requirements are governed by the AWA or Megan's Law, all adult sex offenders must register their home, school, and work addresses; report changes in addresses; and periodically verify addresses with the sheriff in each respective county. Ohio Rev. Code § 2950.03(B)(3) and (C). The reporting requirements begin when the offender is released into the community and continue for the period of time assigned to the classification level that applies to the offender. Failure to comply with registration duties is a criminal offense. Ohio Rev. Code § 2950.03(B)(3) and (C).

Petitioner was convicted of rape and sexual battery in 1990. *See State v. Rones*, Nos. CR-1990-02-0280, CR-1990-05-18 (Summit Cty Comm. Pl. Ct. May 1, 1990). He provides no information about this conviction, except to say that he was sentenced to an indefinite term of six to twenty-five years incarceration. He indicates that his sentence was completely served in 2015. Based on these convictions, and perhaps others, Petitioner was determined to be a Pre-AWA habitual sex offender, requiring him to comply with the reporting requirements of Ohio's SORN laws.

Petitioner's most recent charges assert that he failed to provide notice of a change of address and failed to verify his address as required by Ohio's SORN laws. That case is set for trial on January 6, 2027. The current indictment also notes that he previously pled guilty to failing to provide notice of change of address, for which he was sentenced to twelve months of community control. *State v. Rones*, No. CR-2023-09-3063 (Summit Cnty. Comm. Pl Ct. Aug 26, 2024); *State v. Rones*, No. CR-2024-02-0461 (Summit Cnty. Comm. Pl. Ct. Aug. 6, 2024).

In this Petition for a Writ of Habeas Corpus, Petitioner appears to assert that the State of Ohio cannot try him for failing to comply with the SORN registration requirements because he has fully served his sentence for the crimes that triggered his classification as a habitual sexual offender. He asks this Court to order the State to dismiss the charges and prevent his prosecution for any offense arising from his reporting requirement under SORNA. It also appears that he may be challenging his prior convictions for failing to meet the registration and notification requirements.

## II. STANDARD OF REVIEW

Promptly after the filing of a Habeas Corpus Petition, a Federal District Court must undertake a preliminary review of the Petition to determine "[i]f it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). If it fits this criteria, the Petition must be summarily dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (District Court has a duty to "screen out" Habeas Corpus Petitions that lack merit on their face). No response is necessary when a Petition is frivolous, obviously lacks merit or when the necessary facts can be determined from the Petition itself without consideration of a return. *Id.*; *see also* 28 U.S.C. § 2243.

## IV. ANALYSIS

As an initial matter, Petitioner indicates he is challenging prior convictions as well as his current pending criminal prosecution. Rule 2(e) of the Rules Governing Section 2254 Cases prohibits a petitioner from challenging judgments of multiple courts in a single habeas corpus Petition, as Petitioner purports to do here. Rather, Rule 2(e) requires that "[a] Petitioner who seeks relief from judgments of more than one state court must file a separate Petition covering the judgment or judgments of each court." When a Petitioner challenges multiple judgments in a single Petition in violation of Rule 2(e), Courts have held that the appropriate procedure is to dismiss the Petition without prejudice. *See, e.g., Jackson v. Sloane*, No. 1:13CV1326, 2014 WL 4472623, at *10-11 (N.D. Ohio Sept. 10, 2014) (adopting Report and Recommendation).

Moreover, Petitioner's grounds are focused primarily on his current criminal prosecution. The statute under which this Petition was brought, 28 U.S.C. § 2254, applies only to challenges to a conviction or sentence. Because Petitioner has not been convicted and sentenced on the latest charges, he cannot proceed with a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

Although a state pretrial detainee may bring a federal habeas corpus action under 28 U.S.C. § 2241 in certain limited circumstances, such as when the Petitioner seeks a speedy trial, none of those circumstances are present in this case. Comity concerns require that federal courts abstain from intruding into state criminal proceedings already underway by exercising jurisdiction over pre-conviction Habeas Corpus Petitions if the issues raised in the Petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the Petitioner. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). The state courts must have the first opportunity to address and correct any alleged violations of a state prisoner's rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Petitioner can raise his challenges to the continued application of SORN laws in the course of his pending criminal case as well as on appeal should his challenges be unsuccessful in the state courts. He cannot raise them in a federal pretrial Habeas Petition.

VI. CONCLUSION

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. No. 1) is denied as premature and dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

s/*Dan Aaron Polster 9/11/2026*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

.